UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
**********************************************

**L. & J. G. Stickley, Inc.,**

        **Plaintiff,**

    -v-           5:02-CV-1542

**Ronald C. Cosser, d/b/a/ The Craftsman,
Melissa Cosser, and Lyle Noreault,**

        **Defendants.**

**********************************************

APPEARANCES:

Heslin Rothenberg Farley & Mesiti P.C.
David P. Miranda, Esq., of Counsel
Susan E. Farley, Esq., of Counsel
5 Columbia Circle
Albany, New York  12203
Attorneys for Plaintiff

Office of Keith D. Miller
Keith D. Miller, Esq., of Counsel
1000 7th North Street
Suite 120
Liverpool, New York 13088
Attorneys for Defendants Ronald Cosser and Melissa Cosser

Sugarman Law Firm, LLP
Gary H. Collison, Esq., of Counsel
360 South Warren Street
HSBC Center
Syracuse, New York 13202
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

  This Memorandum-Decision and Order addresses one of three motions pending before the

Court, *i.e.*, plaintiff's motion (Dkt. No. 71) to strike its request for legal damages and to strike

defendants' jury demand. [1]

---

[1] The other pending motions, which will be addressed in the near future, are (1) defendants' motion for summary judgment (Dkt. No. 42); and (2) plaintiff's motion for partial summary judgment in its favor against the Cosser defendants on its cause of action for false advertising

Defendants do not oppose the withdrawal of all demands for legal relief. Plaintiff's request to strike its demands for legal relief is granted. Service and filing of a second amended complaint is not needed, however; the case will proceed on the amended complaint (Dkt. No. 18) with the demands for legal relief removed.

Defendants oppose only that part of plaintiff's motion as seeks to strike defendants' jury demand. Defendants dispute the view that defendants' disclosures are inadequate to enable plaintiff to prove actual damages. Defendant Ronald Cosser also avers in his opposing affidavit that he believes that plaintiff's efforts in this case "have been motivated by bad faith" and that he wishes the case to be heard by a jury because he "believe[s] that a jury would see this case for what it is."

Inasmuch as the demands for legal relief have been withdrawn, the sole relief demanded in the amended complaint is equitable in nature. Accordingly, there is no basis for a jury trial. Plaintiff's motivation in this respect is irrelevant. The Court strikes defendants' jury demand. *See* Fed. R. Civ. P. 15(a), 38, 39(a)(1).

Accordingly, it is

ORDERED that plaintiff's motion (Dkt. No. 71) is granted as follows: plaintiff's demands for legal relief are stricken from the amended complaint (Dkt. No. 18) and defendants' jury demand is stricken.

IT IS SO ORDERED.

March 9, 2006
Syracuse, New York

Norman A. Mordue
U.S. District Judge

---

under 943(a) of the Lanham Act and § 349 of New York General Business Law, and for partial summary judgment against all defendants dismissing their first, second, third, fourth, fifth and seventh affirmative defenses (Dkt. No. 47).