UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**L. & J. G. Stickley, Inc.,**

          **Plaintiff,**

    **vs.**               **5:02-CV-1542**

**Ronald C. Cosser, d/b/a/ The Craftsman,
Melissa Cosser, and Lyle Noreault,**

          **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Heslin, Rothenberg, Farley & Mesiti, P.C.
David P. Miranda, Esq., of Counsel
Susan E. Farley, Esq., of Counsel
5 Columbia Circle
Albany, New York  12203
Attorneys for Plaintiff

Sugarman Law Firm, LLP
Gary H. Collison, Esq., of Counsel
360 South Warren Street, HSBC Center
Syracuse, New York 13202
Attorneys for Defendants

**Chief Judge Norman A. Mordue:**

## SECOND AMENDED MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

By Memorandum-Decision and Order dated March 3, 2006 (Dkt. No. 77), this Court granted plaintiff's motion (Dkt. No. 71) to withdraw its request for money damages and to strike defendants' jury demand. Presently before the Court are two motions: (1) defendants' motion for summary judgment dismissing the action (Dkt. No. 42); and (2) plaintiff's motion for partial summary judgment against defendants Ronald and Melissa Cosser ("Cosser defendants") on

plaintiff's claims for false advertising under section 43(a)(1)(B) of the Lanham Act and section 350 of New York General Business Law, and for partial summary against all defendants dismissing their first, second, third, fourth, fifth and seventh affirmative defenses (Dkt. No. 47).

## DISCUSSION

**Applicable Law**

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989). If the nonmovant fails to carry this burden, summary judgment is appropriate. *See Celotex*, 477 U.S. at 323.

Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides a civil remedy for anyone believing he is or is likely to be damaged by false or misleading descriptions or representations of fact concerning the nature, characteristics, qualities, or geographic origin of goods in commerce.[1] A false advertising claim can be based on a defendant's misrepresentation

---

[1] Section 43 (a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides as follows:
(a) Civil action
    (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -

regarding its own goods or those of a competitor. *See Societe des Hotels Meridien v. LaSalle Hotel Operating Partnership. L.P.*, 380 F.3d 126, 132 (2d Cir. 2004).

To establish standing under this statute, a plaintiff must demonstrate a "reasonable interest to be protected" against the defendant's false or misleading claims, and a "reasonable basis" for believing that this interest is likely to be damaged by the false or misleading advertising. *See Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir. 1994); *see also Johnson & Johnson, Inc. v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir.1980). The "reasonable basis" prong embodies a requirement that the plaintiff show both likely injury and a causal nexus to the false advertising. *See Ortho*, 32 F.3d at 694.

The falsity of a statement in a challenged advertisement "may be established by proving that (1) the advertising is literally false as a factual matter, or (2) although the advertisement is literally true, it is likely to deceive or confuse customers." *See S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001) (citation and quotation marks omitted). In addition to proving falsity, the plaintiff must show that the representation was "material," that is, that it concerned an inherent quality or characteristic of the product. *See id*.

To obtain a permanent injunction, a plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted. *See Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006). In a false advertising case, where the court finds that a

---

\*\*\*
  (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

material statement is literally false, it may grant injunctive relief even in the absence of evidence of actual consumer confusion, *see S.C. Johnson*, 241 F.3d at 238, provided that it also finds irreparable harm. To establish irreparable harm, the plaintiff must show (1) injury and (2) causation; these two elements are met by a showing that plaintiff will likely lose sales as a result of defendant's false advertising. *See Coca-Cola Co. v. Tropicana Prods., Inc*., 690 F.2d 312, 316-17 (2d Cir. 1982) (abrogated on other grounds, Fed. Rules of Evid. 52(a)). The type and quantity of proof required to show injury and causation varies from one case to another depending on the particular circumstances. *See Ortho*, 32 F.3d at 694. Where, as here, plaintiff's and defendants' products are in head-to-head competition in the relevant market, the Second Circuit does not require plaintiffs to show an actual loss of sales in order to demonstrate injury and causation. *See McNeil-PPC, Inc. v. Pfizer Inc*., 351 F.Supp.2d 226, 247-48 (S.D.N.Y. 2005), *and cases cited therein*. Rather, what is required is proof providing a reasonable basis for the belief that the plaintiff is likely to be damaged as a result of the false advertising. *See Johnson & Johnson*, 631 F.2d at 190.

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff moves (Dkt. No. 47) for partial summary judgment in its favor on its causes of action for false advertising under section 43(a)(1)(B) of the Lanham Act and section 350 of New York General Business Law, and further dismissing defendants' First, Second, Third, Fourth, Fifth and Seventh affirmative defenses. To win summary judgment dismissing the Fourth affirmative defense of lack of standing, plaintiff must show a reasonable interest to be protected against the false advertising and a reasonable basis for believing that the interest will be damaged by the false advertising. *See Ortho*, 32 F.3d 694. For the reasons discussed below, the Court

finds that plaintiff has met these requirements and thus has established standing; accordingly, defendants are entitled to summary judgment dismissing the Fourth affirmative defense of lack of standing. The Court further finds that plaintiff is entitled to summary judgment dismissing the following affirmative defenses: First (laches); Second (statute of limitations); Third (estoppel); Fifth (abandonment); and Seventh (unclean hands). Inasmuch as plaintiff has abandoned its claim for money damages, the Sixth affirmative defense of contribution is also dismissed. Thus, all seven affirmative defenses in the amended answer (Dkt. No. 41) are dismissed.

The Court turns to the merits of plaintiff's claim for false advertising under the Lanham Act. Plaintiff urges that the undisputed facts establish the necessary elements of a claim under section 43(a)(1)(B) of the Lanham Act, that is, that the Cosser defendants made false and/or misleading representations regarding the nature, characteristics, and/or quality of their own goods, and that the representations were made in commercial advertising or promotion in interstate commerce. Plaintiff further avers that it has shown that it is likely to be damaged by the false advertisements and thus is entitled to injunctive relief.

As stated, to establish that the representation is false or misleading, plaintiff must prove either that the advertising is literally false as a factual matter, or that, although it is literally true, it is likely to deceive or confuse customers. Here, the Court finds that the undisputed evidence establishes literal falsity. The Cosser defendants admit the following allegations in Plaintiff's Statement of Undisputed Facts (Dkt. No. 53): Nos. 19 through 24; 26 through 56; 58 through 64; 66; 69 through 76; as well as portions of 65, 67 and 68. These facts are supported by the record and establish as a matter of law that the Cosser defendants' advertisements and solicitations for their furniture polish included representations concerning the nature, characteristics, and qualities

of their product that are literally false.[2] For example, the statements falsely represent that someone working at the Cosser defendants' shop had experience with plaintiff or another Stickley entity. They also falsely represent a connection between the Cosser defendants' furniture polish and that of plaintiff or another Stickley entity. The undisputed facts further establish that the statements are material, that they constituted commercial advertising or promotion, and that they were disseminated in interstate commerce. Defendants' submissions do not establish the existence of any disputed issue of material fact regarding these issues. Thus, plaintiff has demonstrated as a matter of law that the Cosser defendants engaged in false advertising. As discussed below, plaintiff has also established a reasonable likelihood that it will be damaged thereby. Accordingly, plaintiff has succeeded on the merits of its claim under section 43(a)(1)(B).

As noted, to obtain a permanent injunction, in addition to succeeding on the merits, plaintiff must demonstrate that it will sustain irreparable harm if the relief is not granted, and that there is no adequate remedy at law. To establish irreparable harm, plaintiff must show both injury and causation. The parties' products are in direct competition in the market for furniture polish, and, as the Court has already found, the Cosser defendants have made literally false representations regarding the nature, characteristics and qualities of their product. Plaintiff has

---

[2]

To the extent that the Cosser defendants argue that certain representations were not made explicitly, the Court finds that they were made by necessary implication, that is, they are susceptible to no other interpretation. *See generally Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Proctor & Gamble*, 285 F. Supp.2d 389, 391 (S.D.N.Y. 2003), *aff'd* 90 Fed.Appx. 8 (2d Cir. 2003). In any event, there are numerous explicit representations that are literally false and that fully support the relief granted to plaintiff.

Moreover, even if any of the statements were literally true, they are misleading, that is, that they are likely to deceive or confuse customers and that they have done so in the past.

also demonstrated actual confusion caused by the false statements. The record evidence, including the nature of the false advertisements and their references to plaintiff and "Stickley," as well as the evidence of actual confusion, establishes a logical causal connection between the false advertising and plaintiff's own sales position. *See id.* Moreover, the Court finds a "reasonable likelihood that the wrong will be repeated[,]" *SEC v. Manor Nursing Centers, Inc*., 458 F. 2d 1082, 1100 (2d Cir. 1972), based on the nature, number, time-span, and variety of the deceptive statements as well as the position that the Cosser defendants have taken on the present motions. The record evidence establishes the likelihood that plaintiff has suffered and will suffer lost sales as a result of the Cosser defendants' false advertising. The same evidence demonstrates the absence of an adequate remedy at law. Accordingly, plaintiff is entitled to summary judgment granting injunctive relief on its claim under section 43(a)(1)(B) of the Lanham Act. *See generally Johnson & Johnson*, 631 F.2d at 190.

Plaintiff also moves for summary judgment on section 350 of New York's General Business Law, which provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." To prevail on this claim, plaintiff must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the false advertising. *See Verizon Directories Corp. v. Yellow Book USA, Inc*., 309 F.Supp.2d 401, 405 (E.D.N.Y. 2004), *and cases cited therein.*

The Court finds that the Cosser defendants' conduct in making false representations regarding the nature, characteristics, and qualities of their product is directed towards consumers and constitutes a wrong against the consuming public at large. The Court has already found that

the representations were materially misleading and that plaintiff suffered injury as a result of the false advertising, thus satisfying the second and third elements of a section 350 claim. Thus, plaintiff is entitled to summary judgment granting injunctive relief on its claim under section 350 of New York General Business Law.

The Court reminds the Cosser defendants that they have a duty to keep a "safe distance" from the line drawn by the injunction herein. *See generally Oral B Lab., Inc. v. Mi-Lor Corp.*, 810 F.2d 20, 24 (2d Cir. 1987); *Z-International, Inc. v. Z Line Intern., Inc.*, 2005 WL 1580609, *3 (2005).

**Defendants' Motion for Summary Judgment**

As discussed above, plaintiff has demonstrated its entitlement to summary judgment in its favor dismissing defendants' defenses of unclean hands, laches, estoppel, statute of limitations, lack of standing, and abandonment. Accordingly, defendants' motion for summary judgment is denied in its entirety.

## CONCLUSION

It is therefore

ORDERED that defendants' motion for summary judgment (Dkt. No. 42) is denied; and it is further

ORDERED that plaintiff's motion for partial summary judgment (Dkt. No. 47) is granted in accordance with the following ordering paragraphs; and it is further

ORDERED that plaintiff's motion insofar as it seeks dismissal of the affirmative defenses in the amended answer is granted, and all seven affirmative defenses are dismissed; and it is further

ORDERED that plaintiff's motion insofar as it seeks injunctive relief is granted as follows:

A.   Defendants and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including but not limited to their partners, owners, agents, representatives, employees, attorneys, successors and assigns, and any and all persons acting in concert or privity with them, are hereby permanently enjoined from using any false or misleading description or representation of fact, in commercial advertising or promotion, concerning the nature, characteristics, and/or qualities of defendants' furniture polish, in accordance with the decision herein, including any false or misleading use of or reference to the name, furniture polish, furniture polish formula, and/or furniture finishing business of "Stickley" or "L. & J.G. Stickley" or its business, or to Gustav Stickley, Leopold Stickley or John George Stickley;

B.   Defendants Cosser are directed to recall and destroy all materials within the control of defendants, their agents or distributors which in any way falsely advertise the furniture polish of defendants as enjoined above; and

C.   Defendants Cosser are directed to file with this court and serve upon plaintiff within 30 days after the date of this Memorandum-Decision and Order, a report in writing, under oath, setting forth in detail the manner in which the defendants have complied with the injunction.

IT IS SO ORDERED.

January 31, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

-9-