UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**L. & J. G. Stickley, Inc.,**

                                  **Plaintiff,**

                -v-                                              5:02-CV-1542

**Ronald C. Cosser, d/b/a/ The Craftsman,
Melissa Cosser, and Lyle Noreault,**

                                  **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Heslin, Rothenberg, Farley & Mesiti, P.C.
David P. Miranda, Esq., of Counsel
Susan E. Farley, Esq., of Counsel
5 Columbia Circle
Albany, New York  12203
Attorneys for Plaintiff

Sugarman Law Firm LLP
Timothy J. Perry, Esq., of Counsel
211 West Jefferson Street
Syracuse, New York 13202
and
Collison Law Firm
Gary H. Collison, Esq., of counsel
1000 Seventh North Street, Suite 120
Liverpool , New York 13088
Attorneys for Defendants

**Chief Judge Norman A. Mordue:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is plaintiff's motion (Dkt. No. 93) for an award of attorney's fees as the "prevailing party" in an "exceptional case[ ]" under the Lanham Act.  *See* 15 U.S.C. § 1117(a).  As set forth below, the Court denies the motion.

**BACKGROUND**

In its amended complaint (Dkt. No. 18), plaintiff, a maker of handcrafted wood furniture and related products, including furniture polish, asserted claims of false advertising and false designation of origin under the Lanham Act, and related state law claims, stemming from defendants' advertisement and sale of furniture polish. Plaintiff sought money damages and a permanent injunction precluding defendants' use of its name. On March 9, 2006, the Court granted plaintiff's motion to withdraw its claims for legal relief and to strike the jury demand (Dkt. No. 77).

By Amended Memorandum-Decision and Order (Dkt. No. 78), ordered and entered May 18, 2006,[1] the Court granted summary judgment in favor of plaintiff on the first cause of action for a permanent injunction on the ground of false advertising under section 43(a)(1)(B) of the Lanham Act ("section 43(a)(1)(B)"), 15 U.S.C. § l125(a)(1)(B), and the third cause of action for a permanent injunction for false advertising under section 350 of the New York General Business Law ("section 350").[2] Among the Court's findings in support of the injunctions are the

---

[1] *See L. & J.G. Stickley, Inc. v. Cosser*, 2006 WL 1390468 (N.D.N.Y. May 18, 2006).

[2] Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides:
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
> * * *
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Section 350 of the New York General Business Law declares unlawful "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" To prevail on this claim, plaintiff must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the false advertising. *See Verizon*

(continued...)

following: that defendants' "advertisements and solicitations for their furniture polish included representations concerning the nature, characteristics, and qualities of their product that are literally false"; that plaintiff had shown a likelihood that it had suffered and will suffer lost sales as a result of the false advertising; that there was a reasonable likelihood that the wrong would be repeated based on "the nature, number, time-span, and variety of the deceptive statements" and on defendants' position on the motions; and that defendants' conduct was consumer-oriented.  The Court further denied defendants' cross-motion for summary judgment and dismissed defendants' affirmative defenses.

On defendants' appeal, the Second Circuit affirmed the award of summary judgment to plaintiff on the Lanham Act cause of action and upheld the permanent injunction, but remanded for clarification of the wording of the injunction.  *L. & J.G. Stickley, Inc. v. Cosser*, 255 Fed.Appx. 541, 543-44 (2d Cir. 2007).  On remand, the Court issued a Second Amended Memorandum-Decision and Order inserting the clarifying words in the first paragraph of the injunction as directed. (Dkt. No. 86).[3]

Thereafter, plaintiff withdrew and discontinued with prejudice the remaining causes of action (Dkt. No. 88).  Plaintiff now moves for an award of statutory attorney's fees under section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and section 350-e(3) of the New York General Business Law.

## DISCUSSION

---

[2](...continued)
*Directories Corp. v. Yellow Book USA, Inc.*, 309 F.Supp.2d 401, 405 (E.D.N.Y. 2004), *and cases cited therein*.

[3] On remand, *L.& J.G. Stickley, Inc. v. Cosser*, 2008 WL 305102 (N.D.N.Y. Jan. 31, 2008).

Section 35(a) of the Lanham Act ("section 35(a)), 15 U.S.C. § 1117(a), permits the Court "in exceptional cases [to] ... award reasonable attorney fees to the prevailing party."[4]  The Court may, in its discretion, award  attorney's fees under this provision only in exceptional cases and only "on evidence of fraud or bad faith." *Gordon & Breach Science Publishers S.A. v. American Inst. of Physics*, 166 F.3d 438, 439 (2d Cir.1999) (quoting *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir.1993); *accord Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194 (2d Cir. 1996).  A finding of fraud or bad faith may be based on conduct related to the infringing activity, *see, e.g., Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (upholding an award of attorney's fees under section 35(a) based on a finding of willful infringement), or to the trademark litigation itself.  *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 222 (2d Cir. 2003) (affirming an attorney's fees award where defendant submitted false evidence at trial).  Plaintiff here contends it is entitled to an attorney's fees award based on "the nature of Defendant's conduct over the course of many years," as well as on defendants' and counsel's conduct in the instant litigation.  Plaintiff also claims it is entitled to a discretionary award of attorney's fees under section 350-e(3) of the New York General Business Law.

 The Court has reviewed the motion papers and the record of the case since its inception in December 2002.  The Court also considers its prior rulings, particularly its findings in support of the permanent injunction.  The Court's finding that defendants made literally false representations in their advertisements does not compel the Court to find exceptional circumstances; rather, the

---

[4] Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), provides in part:
> When ... a violation under section 1125(a) ... shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, ... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.... The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Court views this finding in light of the entire record. Viewed in this light, neither defendants' false representations and related conduct, nor the manner in which the case was defended, support a finding that this is an exceptional case under section 35(a). While arguably sanctionable during discovery, the obstructive conduct of defendant Ronald Cosser is not exceptional, nor is the fact that defendants made unreasonable settlement demands or interposed unsuccessful opposition to plaintiff's motions. Defendants mounted a contentious and hard-fought defense, but the issues they raised – including the challenge to plaintiff's corporate history – were not patently baseless, nor does the Court find they were raised for improper reasons. Further, the appeal was not entirely unsuccessful. In weighing all the circumstances, the Court notes also the absence of concrete evidence that defendants' misrepresentations caused real injury to consumers or caused plaintiff to lose a significant number of sales. Under the totality of the circumstances, the Court exercises its discretion to deny plaintiff's motion for attorney's fees under section 35(a) of the Lanham Act. For the same reasons, the Court denies attorney's fees under section 350-e(3) of the New York General Business Law.

Defendants object to certain costs and disbursements claimed by plaintiff. In response to defendants' objection to the claimed cost of $3,400 for "outside professional services," plaintiff states only that "this out-of-pocket expense was for a professional consultant." Without more, the Court cannot determine whether this was a proper charge, and this sum is disallowed. There is no basis to disallow any other claimed costs and disbursements. Plaintiff is awarded costs and disbursements of $7,314.78.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 93) is granted to the extent that plaintiff is awarded costs and disbursements of $7,314.78, and otherwise denied.

IT IS SO ORDERED.

September 16, 2009

Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge